UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                      :
UNITED STATES OF AMERICA *ex rel.* SFN     :
PARTNERS, LLC,                                           :
                                                                       :
                              Plaintiff,             :          20 Civ. 8262 (JPC)
                                                                         :
                     -v-                                    :              ORDER
                                                                         :
POST ACUTE PARTNERS, LLC, *et al.*,       :
                                                                        :
                            Defendant.          :
                                                                          :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

       In October 2020, Plaintiff-Relator SFN Partners, LLC ("Relator") filed this case under seal on behalf of the United States per the *qui tam* provisions of the False Claims Act, 31 U.S.C. §§ 3729 *et seq.* The Complaint alleges that Defendants submitted fraudulent applications to obtain Small Business Administration loans for payroll costs under the Paycheck Protection Program.

       In November 2021, the Government declined to intervene. 11/29/21 Ltr. In the letter informing the Court that the Government would not intervene, Relator asked the Court to permanently "keep this case under seal." *Id.* at 1. On November 30, 2021, Relator filed a notice of voluntary dismissal, and the Court dismissed the Complaint without prejudice on December 1, 2020. *See* 12/1/22 Order. In that Order, the Court ordered Relator to "file a supplemental brief explaining why permanently sealing the entire case is necessary, whether a shorter period of sealing would address [its] concerns, and whether redacting portions of the Complaint and other filed documents would address [its] concerns (and, if so, what redactions [it] proposes)." *Id.* at 1.

       On December 13, 2021, Relator filed a supplemental letter-brief arguing that the Court should permanently "keep this case under seal[, or,] [i]n the alternative, [for] Relator . . . [to] be

permitted to file a redacted complaint with certain of defendants' financial information redacted." 12/13/2021 Ltr. at 1. Relator contends that permanently sealing the case is warranted because it "filed a voluntary dismissal of the action[] [and] there is no public interest served by the publication of the financial information obtained through the [New York Freedom of Information ("FOIL")] requests." *Id.* at 1-2. In that same vein, if the Court denies that request, Relator argues that it should "be permitted to file a redacted version of the Complaint, while the original version would remain under seal" because "there is no public interest in the disclosure of defendants' financial information obtained through FOIL requests." *Id.* at 2.

Under "the First Amendment and the common law," the public has a "presumption of access to judicial records." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (quotations omitted). "A judicial document or judicial record is a filed item that is relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 139 (quotations omitted). The public has a presumption of access to these documents "so that the federal courts have a measure of accountability and so that the public may have confidence in the administration of justice." *Id.* (quotations omitted). So in reviewing motions to keep a case or documents under seal, courts "must carefully and skeptically review [the] request[] to insure that there really is an extraordinary circumstance or compelling need" to seal the documents. *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).

In reviewing sealing requests, courts "engage[] in a three-step inquiry." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). "First, the court determines whether the record at issue is a judicial document—a document to which the presumption of public access attaches." *Id.* (quotations omitted). If the document counts as a judicial document, the court then "determine[s] the weight of the presumption of access to that document." *Id.* (quotations omitted). Lastly, "the court must

identify all of the factors that legitimately counsel against disclosure of the judicial document[] and balance those factors against the weight properly accorded the presumption of access." *Id.*

Step one reveals that this case has judicial documents. Although Relator voluntarily dismissed this case, "a pleading's status as a judicial document does not . . . hinge on whether it has been subject to adjudication or has been voluntarily dismissed." *United States ex rel. Doe v. Horizon Therapeutics PLC*, No. 20 Civ. 3207 (MKV), 2021 WL 3500911, at *2 (S.D.N.Y. Aug. 9, 2021). Instead, "pleadings—even in settled cases—are Judicial records subject to a presumption of public access." *Bernstein*, 814 F.3d at 140.

At step two, Relator "seeks to shield all case records from the public eye," so "the presumption of public access has extraordinarily substantial weight." *Nago v. Bloomberg L.P.*, No. 19 Civ. 11483 (GBD) (OTW), 2021 WL 1718949, at *2 (S.D.N.Y. Apr. 30, 2021) (quotations omitted). The weight of the presumption of access "is governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Mirlis*, 952 F.3d at 59 (quotations omitted). Because the public can never evaluate a case that remains permanently sealed, "[a] Court may only permit the sealing of an entire case file as a last resort." *Doe v. Berg*, No. 15 Civ. 9787 (RJS), 2016 WL 11597923, at *1 (S.D.N.Y. Feb. 10, 2016) (quotations omitted).

At step three, the balance of factors heavily counsels for unsealing the case. A party may meet its burden to permanently seal a case, when, for instance, the "sealing is required by statute or rule or justified by a showing of extraordinary circumstances and the absence of narrower feasible and effective alternatives." *Id.* (quotations omitted). But Relator has pointed to no such circumstances or legal requirements. Instead, Relator merely maintains that given that it voluntarily dismissed the case, "there is no public interest served by the publication of the financial

information obtained through the FOIL requests." Pl. 12/13/2021 Ltr. at 1-2. That argument is not persuasive. How can a complaint's allegations of publicly available information counsel against disclosing that information to the public? And even if this information may harm one of the party's businesses, it would not outweigh the presumption of access. *See Nago*, 2021 WL 1718949, at *2 (explaining that courts in this District have "repeatedly held that the potential for a negative impact on a party's future business . . . does not outweigh the presumption of access").

This same logic requires denial of Relator's alternative request to either permanently redact, or redact for two years, Defendants' financial information from the Complaint. As shown by Relator's acquisition of that financial information, it is available through FOIL requests. For the same reasons given above, the presumption of access outweighs the factors counseling redacting this information.

In sum, when Relator sued, it "knew or should have known the risk that the action could be unsealed." *United States ex rel. Doe*, 2021 WL 3500911, at *3. So before bringing this case, Relator "presumably weighed the risk of disclosure and the impact" that disclosure could have. *Id.* Yet Relator thought that the reward for bringing this case outweighed any potential harm. The Court will not now "shield Relator from the consequences of its decision." *Id.* Put simply, "[t]he public has a right to know that this *qui tam* action was filed, that the Government chose not to intervene, and that Relator subsequently moved to dismiss the case." *United States ex rel. Love v. Teach for Am., Inc.*, No. 17 Civ. 2062 (KBF), 2018 WL 1156103, at *2 (S.D.N.Y. Feb. 21, 2018) (denying motion to permanently maintain the entire case under seal following dismissal under Federal Rule of Civil Procedure 41(a)(1)).

The Court therefore denies Relator's request to permanently extend the seal on this case. It also denies Relator's request to redact financial information in the Complaint obtained through

5

FOIL requests. The Clerk of Court is respectfully directed to unseal this case, unseal all the documents in the case, and then close this case.

    SO ORDERED.

Dated: April 20, 2022
       New York, New York
                                        JOHN P. CRONAN
                              United States District Judge